IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01964-REB-KMT

O. JAY TOMSON,
TIMOTHY A. KROCHUK,
J. READING WILSON JR.,
KYLE HECKMAN,
KENT A. JONES, and
FBHC HOLDING COMPANY,

        Plaintiffs,

v.

AMERICAN ZURICH INSURANCE COMPANY,

        Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiffs O. Jay Tomson, Timothy A. Krochuk, J. Reading Wilson Jr., Kyle Heckman, Kent A. Jones, and FBHC Holding Company and Defendant American Zurich Insurance Company (each a "Party" and collectively the "Parties") hereby stipulate and agree, pursuant to Federal Rule of Civil Procedure 26(c), to entry by the Court of the following Stipulated Protective Order ("Protective Order").

UPON THE STIPULATION AND AGREEMENT OF THE PARTIES, IT IS HEREBY ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other

information disclosed pursuant to the disclosures or discovery obligations under the Federal Rules of Civil Procedure and designated by any Party as "Confidential" in the manner set forth in paragraph 3 ("Confidential Material").

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. A Party may designate as "CONFIDENTIAL" any documents, materials, or information that such Party's counsel has determined, in good faith, to constitute (a) proprietary, confidential, or trade secret information, or (b) nonpublic information that will improperly annoy, embarrass, or oppress any Party, witness, or person providing discovery in this case. The terms of this Protective Order govern all aspects of the procedures to be followed in making or challenging such designations and the terms, conditions, and restrictions on the use of Confidential Material.

4. In the event any documents, deposition testimony, information, or other material is sought in this litigation from any person or entity not a Party ("Nonparty"), such Nonparty shall have the same rights and obligations as the Parties regarding the designation of documents, materials, or information as CONFIDENTIAL, including the obligations imposed by this Protective Order in the event that a challenge is raised against a Nonparty's designation of documents, materials, or information as CONFIDENTIAL. The use of Confidential Material produced by a Nonparty to the Parties shall be governed in all respects by this Protective Order.

5. Except as set forth in this Protective Order, Confidential Material shall not, without the consent of the Party producing it or further order of the Court, be disclosed *except that* Confidential Material may be disclosed to:

    a. counsel of record for the Parties and their respective partners, associates, paralegals, and clerical personnel;

    b. persons retained by the Parties and their counsel to assist in the prosecution or defense of this case (including consultants, expert consultants, witnesses, and third-party vendors and their employees) to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    c. stenographic reporters who are engaged in proceedings, such as depositions, necessarily incident to the conduct of this case;

    d. persons reasonably believed to have authored, received, or been aware of the Confidential Material or who are employees of the Party that produced or designated the Confidential Material, provided such persons are not given a copy of any such Confidential Material to retain;

    e. the Court and its employees ("Court Personnel"), provided that such materials are marked "CONFIDENTIAL" pursuant to this Protective Order and filed as a document restricted by court order pursuant to D.C.Colo.L.Civ.R. 7.2;

    f. the Parties, including the Parties' respective officers, directors, and employees, but only to the extent that such disclosure is reasonably necessary for preparation of the case; and

        g.     other persons by written agreement of the Parties.

6. Prior to disclosing any Confidential Material to any of the persons listed in paragraph 5 (other than the persons listed in subparagraphs (a), (c), and (e)), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement, in the form of the Affidavit attached as Exhibit A to this Protective Order, stating that he or she has read this Protective Order and agrees to be bound by its provisions. Copies of the executed Affidavits are to be provided to opposing counsel upon request during the pendency of the case and upon a request made no later than 60 days after the conclusion of this litigation, whether by final judgment or settlement.

7. Confidential Materials are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." This designation should be placed on every page of any document containing information to be treated as Confidential Material.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Any Party wishing to designate deposition testimony as Confidential Material must either:

        a.     In advance of disclosure, state that the testimony is CONFIDENTIAL and advise all persons present that the information is subject to this Protective Order. The testimony designated as CONFIDENTIAL must be

separately transcribed and marked with the legend described in paragraph 7. Only those persons designated in paragraph 5, who have complied with paragraph 6, if applicable, may view, listen to, or read this testimony; or

  b. If a designation of Confidential Material is not made in advance of disclosure at a deposition, such designation may be made within 20 days following the date the Party or Nonparty seeking to designate Confidential Material receives the deposition transcript, by providing written notice of designation to all Parties. All persons with copies of the designated portions of the deposition transcript shall then mark their copies with the legend described in paragraph 5. Until the 20-day period for post-deposition designation of Confidential Material has expired, all deposition testimony and transcripts shall be treated as Confidential Material.

 9. Any person obtaining access to Confidential Material, or the information in those materials of another Party, may use the information and Confidential Materials only for the purposes of this case and for no other purpose.

 10. Within 90 days of the conclusion of this case by final judgment or settlement, unless other arrangements are agreed upon, all Confidential Materials shall be returned to the Party that designated the documents, materials, or information as CONFIDENTIAL, or the Parties may elect to destroy Confidential Materials. If the Parties agree to destroy Confidential Materials, the destroying Party shall provide all Parties with an affidavit confirming destruction.

11. Confidential Materials and the information in them may be used in any court proceeding in this case, including depositions, hearings, and trial, subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and any other applicable law. Such Confidential Materials and the information in them shall not lose their confidential status through such use, and the Parties shall take reasonable steps to protect the confidentiality of Confidential Materials and the information in them.

12. Nothing in this Protective Order shall require production of information that any Party contends is protected from disclosure by the attorney-client privilege or the work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to any claim of privilege or work product immunity for such information. If a Party has inadvertently produced information subject to a claim of immunity or privilege, the Party receiving the information shall promptly return the information upon its discovery of the inadvertent production, or when the claim of inadvertent production is made. If a Party disagrees with a claim of inadvertent production, the Party, after returning such information, may challenge the designation of the information or document as Confidential Material pursuant to the procedure set forth in paragraph 15.

13. By production of any Confidential Material or providing testimony pursuant to this Protective Order, the Parties do not waive, but rather expressly reserve any and all legal rights, obligations, privileges, or immunities applicable to such Confidential Material and any corresponding testimony or information. Nothing contained in this

Protective Order shall affect the rights, if any, of the Parties to make any other type of objection, claim, or other response to any discovery request, subpoena, or any question at deposition, nor shall this Protective Order be construed as a waiver by the Parties of any legally cognizable privilege to withhold any document or information, or of any right to which the Parties may have to assert such privilege at any stage of these proceedings.

14. For good cause shown, a Party may at any time seek modification or termination of this Protective Order, first by seeking to obtain the consent of every other Party to such modification or termination, and then, absent consent, by motion to this Court. No Party shall seek any modification or termination of this Protective Order without providing the other Parties a minimum of 10 days written notice.

15. A Party may challenge another Party's or Nonparty's designation of information or documents as Confidential Material as follows: (1) a Party may object to another Party's or Nonparty's designation of Confidential Material by giving written notice to the Party or Nonparty designating the disputed Confidential Material; the written notice shall identify the disputed information and the basis for the objection; (2) if the Party or Nonparty producing the disputed Confidential Material and the objecting Party cannot resolve the objection within 10 business days after the notice of objection is received, the Party or Nonparty designating the information as Confidential Material shall have the obligation to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order; (3) in connection with a motion filed under this provision, the Party or

Nonparty designating the information as Confidential Material shall bear the burden of establishing good cause exists for the disputed information to be treated as Confidential Material; (4) if such a motion is timely filed, the disputed information shall be treated as Confidential Material until the Court rules on the motion; and (5) if the designating Party or Nonparty does not file such a motion within 10 business days, the disputed information shall lose its designation as Confidential Material and shall not thereafter be treated as Confidential Material subject to this Protective Order.

16. Nothing in this Protective Order constitutes a finding or admission that any Confidential Material is in fact confidential, proprietary, or otherwise not subject to disclosure.

17. The terms of this Protective Order, as and if modified, shall survive and remain in effect after the termination or settlement of this case.

DONE this 14th day of January, 2013.

BY THE COURT:

_____
United States Magistrate Judge

The foregoing Stipulated Protective Order is stipulated and agreed to by the parties' undersigned counsel:

Respectfully submitted this 14th day of January, 2013.

*APPROVED:*

*s/ Edward T. Schroeder*
Hilary D. Wells
Edward T. Schroeder
ROTHGERBER JOHNSON & LYONS LLP
One Tabor Center, Suite 3000
1200 17th St.
Denver, CO 80202-5855
(303) 623-9000
hwells@rothgerber.com
eschroeder@rothgerber.com


ATTORNEYS FOR PLAINTIFFS
O. Jay Tomson, Timothy A. Krochuk, J. Reading Wilson, Jr., Kyle Heckman, Kent A. Jones, and FBHC Holding Company

*s/ Angela Probasco*
Tory M. Bishop
Angela Probasco
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE  68102
(402) 346-6000
tory.bishop@kutakrock.com
angela.probasco@kutakrock.com

and

Kelly S. Kilgore
1801 California Street, Suite 3100
Denver, CO  80202
(303) 292-7848
kelly.kilgore@kutakrock.com

ATTORNEYS FOR DEFENDANT
American Zurich Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01964-REB-KMT

O. JAY TOMSON, TIMOTHY A. KROCHUK,
J. READING WILSON JR.,
KYLE HECKMAN,
KENT A. JONES, and
FBHC HOLDING COMPANY,

        Plaintiffs,

v.

AMERICAN ZURICH INSURANCE COMPANY,

        Defendant.

---

**EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT**

---

    I,_____, the undersigned, being duly sworn, hereby acknowledges that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the Parties and provided to me for the sole purposes of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

My current address and telephone number is:
_____
_____   _____
_____   Signature

STATE of _____)
                                    )ss.
COUNTY of _____)

The foregoing Confidentiality Agreement was sworn and acknowledged to before me by on this _____ day of _____, 2013.

Witness my hand and official seal.

_____
My commission expires:_____        Notary Public

2