**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01964-REB-KMT

O. JAY TOMSON,
TIMOTHY A. KROCHUK,
J. READING WILSON, JR.,
KYLE HECKMAN,
KENT A. JONES, and
FBHC HOLDING COMPANY,

    Plaintiffs,

v.

AMERICAN ZURICH INSURANCE COMPANY,

    Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

**Blackburn, J.**

    This matter is before me on the following: (1) **Defendant American Zurich Insurance Company's Motion To Dismiss** [#14] filed August 24, 2012; (2) **Defendant American Zurich Insurance Company's Motion To Drop** [#15][1] filed August 24, 2012; and (3) **Plaintiffs' Motion for Remand** [#16] filed August 24, 2012. The parties filed responses [#17, #21, & #22] and replies [#23, #24, & 25] addressing the issues raised in the motions. I grant the motion to remand. I deny the motion to drop and the motion to dismiss for lack of subject matter jurisdiction.

---

    [1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I. JURISDICTION

Putatively, I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity of citizenship).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), an action may be removed from a state court to a federal district court if it is one over which the district court would have had original jurisdiction. In order to effectuate removal properly,

> [a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The notice of removal must be filed within thirty days after receipt by the defendant, "through service or otherwise," of the initial pleading setting forth the plaintiff's claims for relief. 28 U.S.C. § 1446(b).

## III. BACKGROUND

This case involves an insurance coverage dispute. Plaintiffs O. Jay Tomson, Timothy A. Krochuk, J. Reading Wilson Jr., Kyle Heckman, Kent A. Jones (Director Plaintiffs) are members of the board of directors of FBHC Holding Company (FBHC). FBHC also is a plaintiff. The Director Plaintiffs and FBHC are insureds under a directors and officers liability policy issued by defendant American Zurich Insurance Company. Plaintiff J. Reading Wilson, Jr. and defendant Zurich both are citizens of Illinois.

On July 11, 2011, The Director Plaintiffs were named as defendants in a lawsuit filed in state court (the Sender Suit). That lawsuit was filed by Harvey Sender, Esq., a

receiver appointed to manage the assets of Mark Hamilton Yost.  Mr. Sender alleges that the  Director Plaintiffs took action that improperly and adversely affected the value of FBHC stock held by Mr. Yost.  The Director Plaintiffs and FBHC notified Zurich of the Sender Suit and sought coverage under the Zurich policy.

Initially, Zurich provided the plaintiffs with coverage under the Zurich policy and hired an attorney to defend them in the Sender Suit.  The attorney was hired at Zurich's expense.  While the Sender Suit was ongoing, Zurich withdrew from the Director Plaintiffs' defense and disclaimed any coverage under the Zurich policy for any liability arising from the Sender Suit.  Zurich relies on an insured versus insured exclusion in the policy.  Mark Yost formerly was a member of FBHC's board of directors and was an insured under the Zurich policy.  The plaintiff in the Sender Suit is the receiver appointed to manage Mark Yost's assets.  Because Mr. Sender, the receiver, stands in the shoes of Mark Yost, Zurich argues, the insured versus insured exclusion eliminates coverage under the Zurich policy for the claims asserted in the Sender Suit.

In the above-captioned case, the Director Plaintiffs and FBHC argue that the Zurich policy includes coverage of the Sender suit, and Zurich is obligated to provide coverage.  The Director Plaintiffs assert four claims in the above-captioned case:  (1) Declaratory Relief under Colo. R. Civ. P. 57 to define Zurich's obligations under the policy; (2) Breach of Contract; (3) Bad Faith; and (4) Violations of §§10-3-1115 & 1116,C.R.S., which concern actions for unreasonable delay or denial of insurance benefits.  In connection with these claims, the Director Plaintiffs and FBHC seek all compensable damages available to them under Colorado law.

### IV.  ANALYSIS

According to the plaintiffs, removal of this case is not proper because there is not

complete diversity of citizenship between the defendant and all of the plaintiffs. Zurcih and Mr. Wilson are both citizens of Illinois. In its motion to drop and in its response to the motion to remand, Zurich contends Mr. Wilson has no viable claim against Zurich and he "was fraudulently joined as a plaintiff to this action for the purpose of defeating diversity jurisdiction." *Response* [#21], p. 10. According to Zurich, Mr. Wilson's citizenship should not be considered in resolving the motion to remand.

"[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." ***Navarro Sav. Ass'n v. Lee***, 446 U.S. 458, 461 (1980). When a party makes specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis for joinder by any means available. ***Dodd v. Fawcett Publications, Inc.***, 329 F.2d 82, 85 (10th Cir. 1964). To prove that the non-diverse plaintiff was fraudulently joined for the purpose of defeating federal jurisdiction, the defendant must show there is no possibility that the nondiverse plaintiff will be able to establish a cause of action against the defendant or outright fraud in the pleading of jurisdictional facts. ***Hale v. MasterSoft International Pty., Ltd.***, 93 F.Supp.2d 1108, 1113 (D. Colo. 2000); ***Frontier Airlines, Inc. v. United Air Lines, Inc.***, 758 F.Supp. 1399, 1404 (D. Colo. 1989). "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." ***Smoot v. Chicago, R.I. & P. R. Co.***, 378 F.2d 879, 882 (10th Cir. 1967).

Zurich contends that none of the Director Plaintiffs, including Mr. Wilson, has standing to assert any claims against Zurich because "they have been fully indemnified by FBHC," and the policy excludes coverage if the directors have been indemnified fully.

4

*Motion to drop* [#15], p. 5.  Even if the directors have standing, Zurich asserts, "their claims are subject to dismissal" under FED. R. CIV. P. 12(b)(6).  *Id.*, p. 6.  Zurich bases these contentions on the terms of the Zurich policy and the nature of the Sender Suit. In its response [#21] to the motion for remand, Zurich contends, on the same bases, that Mr. Wilson has no viable claim against Zurich.  If it is clear that Mr. Wilson has no viable claim, his citizenship may not be considered in resolving the motion to remand.

Under the terms of the Zurich policy, Zurich asserts, the Director Plaintiffs cannot seek coverage if FBHC indemnifies the Director Plaintiffs for any losses they may suffer in the Sender Suit.  Zurich reads the complaint to allege that the Director Plaintiffs have been fully indemnified by FBHC for all liability in the Sender Suit.  That is not correct. The plaintiffs allege in the complaint [#4] that FBHC is obligated to indemnify the director plaintiffs, ¶ 21,[2] and that FBHC is paying the attorney fees and costs of the directors in the Sender Suit.  ¶ 39. The Sender suit was ongoing when the complaint was filed.  Indemnification by FBHC for any award of damages against the directors in the Sender Suit is not addressed in the complaint. The allegations in the complaint do not demonstrate that FBHC will satisfy fully its obligation to indemnify.  On the current record, the indemnification exclusion in the Zurich policy does not necessarily defeat the claims of the plaintiffs.

Indemnification or not, Zurich argues that the insured versus insured exclusion in the policy eliminates coverage under the Zurich policy for the claims asserted in the Sender Suit. If that is true, then none of the plaintiffs has a valid claim in this case.  I have reviewed the relevant policy provisions and the arguments of the parties on this issue.  At a minimum, there is a reasonable debate about whether or not the specific

---

[2]  I refer to the complaint [#4] by paragraph number.

5

terms of the insured versus insured exclusion of the Zurich policy exclude coverage for the claims asserted against the plaintiffs in the Sender Suit.  The diversity of case authority interpreting similar provisions demonstrates that this issue is subject to reasonable debate.  This issue goes to the heart of the merits of the plaintiffs' claims and Zurich's defense.

Having reviewed the record in this case, I conclude that it is possible that the plaintiffs, including Mr. Wilson, will be able to establish one or more of the claims they assert in the complaint [#4].  The defendant has not shown that there is no possibility that Mr. Wilson will be able to establish one or more of his claims. As an insured under the Zurich policy, Mr. Wilson undoubtedly has standing to file a suit seeking coverage under the policy when, according to Mr. Wilson, coverage has been denied improperly. However, with Mr. Wilson as a proper plaintiff, there is not complete diversity of citizenship between the plaintiffs and the defendant.  As a result, this court does not have subject matter jurisdiction over this case, and this case must be remanded to the state court.

**THEREFORE,  IT IS ORDERED** as follows:

1.  That the **Plaintiffs' Motion for Remand** [#16] filed August 24, 2012, is **GRANTED**;

2.  That this case is **REMANDED** to the District Court, Boulder County, Colorado (where it was filed originally under Case No. 2012CV604);

3.  That **Defendant American Zurich Insurance Company's Motion To Dismiss** [#14] filed August 24, 2012, is **DENIED** without prejudice because this court does not have jurisdiction to address the merits of this case;

4.  That  **Defendant American Zurich Insurance Company's Motion To Drop**

[#15] filed August 24, 2012, is **DENIED** without prejudice because this court does not have jurisdiction to address the merits of this case; and

    5.  That the plaintiffs' request for an award of fees and costs under 28 U.S.C. § 1447(c) is **DENIED**.

Dated March 21, 2013, at Denver, Colorado.

                                 **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge